PEOPLE v CALLAHAN

Docket No. 87449. Submitted March 18, 1986, at Detroit. Decided May 20, 1986.

Defendant, Richard L. Callahan, was convicted of two counts of first-degree criminal sexual conduct, following a bench trial in Detroit Recorder's Court, M. John Shamo, J. The court sentenced defendant to a prison term of from twelve to twenty-five years. Defendant appealed, claiming that the evidence was insufficient to support defendant's conviction for two counts of first-degree criminal sexual conduct. *Held:*

1. Sufficient evidence was presented to establish one count of first-degree criminal sexual conduct. Complainant, a seventy-one-year-old woman, testified unequivocally that defendant inserted his hand into her vagina, an act sufficient to constitute penetration within the meaning of the statute. However, the record did not support the trial court's conclusion that additional acts of penetration occurred. At the trial, complainant was unable to remember any additional acts of penetration, despite repeated attempts by the prosecution to refresh her recollection.

2. The people did not file a cross-appeal to support their claim that the trial court erred in refusing to admit for substantive purposes complainant's preliminary examination testimony. Therefore, that claim was not properly before the Court of Appeals. However, the Court of Appeals was not persuaded that the trial court abused its discretion in excluding the testimony.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE — APPEAL.

The Court of Appeals, in determining whether a conviction was

REFERENCES

Am Jur 2d, Criminal Law § 782.

Am Jur 2d, Rape §§ 53-99.

Modern status of rule regarding necessity for corroboration of victim's testimony in prosecution for sexual offense. 31 ALR4th 120.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

based on sufficient evidence, examines the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found the elements of the crime established beyond a reasonable doubt.

2. CRIMINAL LAW — EVIDENCE — INFERENCES — RAPE.

A trier of fact may properly draw inferences from established facts; however such inferences must be warranted by the circumstances; therefore, in a case where an elderly witness who testified at a preliminary examination that she was a victim of several separate acts of sexual penetration by the defendant, but could only testify at trial as to one act of penetration, the trier of fact may not infer that the witness simply forgot, since that inference is no more compelling than the conclusion that additional acts of penetration, in fact, never occurred.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Deputy Chief, Civil and Appeals, and *Kim D. Johnson*, Assistant Prosecuting Attorney, for the people.

*Matthew R. Rumora*, for defendant.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of two counts of first-degree criminal sexual conduct. MCL 750.520b(1); MSA 28.788(2)(1). He was sentenced to a prison term of from twelve to twenty-five years. Defendant appeals as of right.

The complainant, a seventy-one-year-old woman, testified that at approximately 8 P.M. on the evening of November 9, 1985, defendant knocked on the door of her Detroit flat, looking for the upstairs resident. After complainant told him that no one was home, defendant asked her for a glass of water. As she turned to get him a drink, defen-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

dant knocked her to the floor. He then dragged her into her bedroom, picked her up and threw her on the bed.

After ordering complainant to remove her clothes, defendant began to "sexually handle" her. She testified that defendant put his hand into her vagina. Defendant then rolled complainant onto the dining room floor where he continued to "handle" her until 5 A.M. the following morning. Despite a lengthy attempt by the prosecution to refresh her memory, complainant was unable to recall any other act of sexual penetration.

The trial court found that one count of first-degree criminal sexual conduct was established by the act of penetration with defendant's hand. In addition, based on the other evidence presented, particularly the length of time involved, complainant's state of undress and defendant's continued "handling" of complainant, the court inferred that cunnilingus and intercourse also occurred.

The sole issue raised on appeal is whether sufficient evidence of penetration was presented to support defendant's conviction for two counts of first-degree criminal sexual conduct. In reviewing defendant's claim, we must examine the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found the elements of the crime established beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980); *People v Petrella,* 424 Mich 221; 380 NW2d 11 (1985).

Our review of the record convinces us that sufficient evidence was presented to establish one count of first-degree criminal sexual conduct. Complainant testified unequivocally that defendant inserted his hand into her vagina. This act was sufficient to constitute "penetration" within the

meaning of the statute. MCL 750.520a(h); MSA 28.788(1)(h), *People v Baker #1,* 103 Mich 255; 303 NW2d 14 (1981). Any inconsistencies in complainant's testimony were properly resolved by the trier of fact. GCR 1963, 517.1, MCR 2.613(C).

On the other hand, the record does not support the court's conclusion that additional acts of penetration also occurred. Although the prosecution made a lengthy attempt to refresh complainant's memory, it was to no avail. When asked whether defendant put his mouth on her vagina, complainant repeatedly responded that she was unable to remember. Even when shown a copy of her preliminary examination transcript in which she testified to that act, complainant remained unable to recall at trial whether the additional penetration had occurred.

We recognize that complainant was an elderly and admittedly forgetful witness and that the crime occurred more than a year prior to the trial. It is equally apparent that the assault was particularly embarrassing to complainant and she experienced considerable difficulty describing the assault. These factors make an accurate determination of the events difficult and it is certainly conceivable that other acts of penetration occurred which complainant was simply unable to recall. Nonetheless, neither this Court nor the trial court can supplant the necessary quantum of evidence with guesswork and surmise.

Here, a gap existed between the testimony of the complainant and proof of the act of penetration. The circumstantial evidence relied upon by the court was insufficient to bridge the gap. While an inference may be based on an established fact, the circumstances must warrant the inference. *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). The inference that complainant forgot the act is no

more compelling than the conclusion that the second act of penetration never occurred. Further, the fact that complainant clearly remembered one act of penetration, but not a second act, is equally supportive of the conclusion that the latter never occurred. We conclude that, based on the evidence presented, a rational trier of fact could not have found the elements of two counts of first-degree criminal sexual conduct established beyond a reasonable doubt. Defendant's conviction on the second count of first-degree criminal sexual conduct should be reversed.

The prosecution suggests on appeal that the trial court erred in refusing to admit for substantive purposes complainant's testimony at the preliminary examination. MRE 804(a)(3) and (b)(1), *People v Hayward,* 127 Mich App 50; 338 NW2d 549 (1983). However, the prosecution has failed to file a cross-appeal and this issue is not properly before the Court for appellate review. *Faigenbaum v Oakland Medical Center,* 143 Mich App 303, 318; 373 NW2d 161 (1985). Further, even when we consider the merits of the prosecution's claim, we are not persuaded that the trial court abused its discretion in excluding the evidence. See *People v Bowers,* 136 Mich App 284; 356 NW2d 618 (1984). Nor are we convinced that the preliminary examination testimony, even if admitted, was sufficient to overcome the inadequacies in the complainant's trial testimony.

Affirmed in part and reversed in part.