PEOPLE v SCURRY

Docket No. 84759. Submitted June 9, 1986, at Grand Rapids. Decided July 21, 1986.

Kevin Scurry was bound over for trial by the district court on a charge of felonious assault, following a preliminary examination. The Calhoun Circuit Court, Stanley Everett, J., on defendant's motion, quashed the information and dismissed the charge. The prosecution appealed. *Held:*

The testimony of the complainant and another witness established that defendant was one of three individuals who allegedly beat the complainant. Although neither the complainant's nor the other witness' testimony established that defendant held a stick during the alleged assault, their testimony established sufficient probable cause to believe that defendant had committed the crime charged. Therefore, the district court did not abuse its discretion in binding over for trial, and the circuit court erred in quashing the information and dismissing the charge.

Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

The standard in reviewing a magistrate's determination at preliminary examination that a crime has been committed and that there is probable cause to believe that the defendant committed it is that the determination of the magistrate should not be disturbed unless a clear abuse of discretion is demonstrated.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE — EVIDENCE.

A magistrate should not discharge a defendant when the evidence at preliminary examination raises a reasonable doubt as to the defendant's guilt; such question should be left for the jury to determine at trial.

REFERENCES

Am Jur 2d, Criminal Law §§ 411-420.

See the annotations in the ALR3d/4th Quick Index under Preliminary or Pretrial Matters.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *Jon R. Sahli,* Assistant Prosecuting Attorney, for the people.

*Stuart & Stuart* (by *Robert A. Cole),* for defendant on appeal.

Before: R. B. BURNS, P.J., and GRIBBS and R. I. COOPER,* JJ.

R. I. COOPER, J. On August 22, 1984, defendant was bound over for trial on a charge of felonious assault, MCL 750.82; MSA 28.277, after a preliminary examination conducted by Judge Allen L. Garbrecht of the 10th Judicial District Court in Calhoun County. On April 25, 1985, the Calhoun Circuit Court granted defendant's motion to quash the information and to dismiss the charge against him, on the ground that the district judge abused his discretion in binding defendant over for trial. The people appeal as of right from the grant of defendant's motion.

The appeal centers on the fact that the victim of the attack could not establish that defendant had a dangerous weapon at the time of the alleged assault. At the preliminary examination, the victim testified that he entered the Bait Shop in Battle Creek, Michigan, for a party. After twenty to twenty-five minutes, he was "attacked" from behind by three young men. He testified that he knew the men from school. One of them grabbed him from behind and dragged him out the door, where the three started beating and attacking him. He testified that he was struck with "big large sticks," two or three feet long and five or six inches thick. At one point, he testified that he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thought only two of the three attackers had sticks, while at another point he testified that he knew two of the attackers had sticks. When asked by the prosecutor whether there could have been more than two with sticks, the victim replied, "yes, it could have been."

The victim identified defendant in court as one of his three attackers, but admitted that he did not know if defendant had a stick. He did not recall specifically what defendant did to him, but said that when he finally got away from them, defendant ran after him. As a result of the attack, the victim required three stitches on the right side of his head and received a swollen hand.

Another witness testified that he saw the victim being hit in the face and being hit with sticks and fists. He thought that there were three attackers. He recalled that one or two of the attackers had sticks. He identified defendant in court as one of the attackers. However, because of the darkness, he was not able to say specifically what defendant did do. Further, on cross-examination, the witness admitted that his testimony was influenced by conversations he had with the police wherein the police described the defendants as "troublemakers" and stated that they should be prosecuted and taken off the streets.

The district judge found sufficient probable cause to bind defendant over on the charge of felonious assault and ordered him bound over. The circuit court granted defendant's motion to quash the information on the ground that the evidence produced at the preliminary examination did not establish probable cause to believe defendant committed the crime.

A trial court may reverse the magistrate's decision to bind a defendant over only if it appears on the record that there has been an abuse of discre-

tion. *People v Tally,* 410 Mich 378; 301 NW2d 809 (1981). The magistrate should not refuse to bind over when the evidence raises a reasonable doubt as to a defendant's guilt, that being a question for the jury to determine. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979); *Wayne Co Prosecutor v Recorder's Court Judge,* 92 Mich App 119; 284 NW2d 507 (1979). In the present case, the testimony did establish probable cause to believe defendant committed felonious assault. That defendant had a stick need not be proven beyond a reasonable doubt at the preliminary examination. It is obvious from the testimony that defendant was one of the men who was involved in the attack on the victim. The victim testified that he was kicked, possibly by all three men. Further, the victim testified specifically that defendant chased him when he finally was able to run away. Such chasing may be found by a trier of fact to constitute more than mere presence or to constitute aiding and abetting, if not actual participation.

Reversed and remanded.