PEOPLE v VASHER

Docket No. 99974. Submitted November 13, 1987, at Detroit. Decided
January 25, 1988.

Francis X. Vasher, at the conclusion of a preliminary examina-
tion in the 34th District Court, was bound over for trial on five
counts of first-degree criminal sexual conduct involving three
girls who were three, five and six years old. In the Wayne
Circuit Court, defendant filed a motion seeking to quash three
of the information's five counts, which the trial court, John H.
Gillis, Jr., J., denied. Defendant sought and was granted leave
to file an interlocutory appeal before the Court of Appeals.

The Court of Appeals *held:*

1. The evidence adduced at the preliminary examination was
sufficient to establish sexual penetration of the three-year-old
girl by defendant. Although this child did not specifically testify
to penetration, her testimony coupled with that of her mother,
an examining physician and other witnesses presented suffi-
cient circumstantial evidence of penetration. The examining
magistrate did not abuse his discretion in binding defendant
over on Count IV (alleging sexual penetration of the three-year-
old girl) and the trial court did not err in refusing to quash this
count of the information against defendant.

2. However, with regard to the five-year-old girl and the six-
year-old girl, neither of whom testified at the preliminary
examination, the bindover on Counts I and V (alleging sexual
penetration of these children) was an abuse of discretion and
the trial court should have quashed these counts of the infor-
mation since the evidence was not sufficient to establish proba-
ble cause to believe that defendant had penetrated these chil-
dren.

3. The district court did not err in ruling that the testimony
of the examining physician, which was limited to the issue of

REFERENCES

Am Jur 2d, Criminal Law §§ 411-413, 418, 419; Expert and Opinion
Evidence §§ 104, 111.

What constitutes penetration in prosecution for rape or statutory
rape. 76 ALR3d 163.

whether sexual penetration of the three children had occurred, was admissible.

Affirmed with respect to Count IV; Counts I and V are to be dismissed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES.

It is the duty of the examining magistrate to bind a defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it (MCL 766.13; MSA 28.931).

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — BURDEN OF PROOF.

Positive proof of guilt is not required but there must be some evidence on each element of the crime charged or some evidence from which those elements may be inferred before a defendant may be bound over for trial.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

A reviewing court does not substitute its judgment for that of an examining magistrate in reviewing the magistrate's decision to bind a defendant over for trial; the magistrate's decision will be reversed only if an abuse of discretion appears on the record.

4. RAPE — CRIMINAL SEXUAL CONDUCT — EXPERT WITNESSES — EXAMINING PHYSICIANS.

An examining physician's testimony is admissible in a criminal sexual conduct case for the limited purposes of establishing penetration or penetration against the will of the victim.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*Defenders' Office-Legal Aid & Defender Association of Detroit* (by *David Cripps*), for defendant.

Before: H. HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. Defendant was charged with five

counts of criminal sexual conduct in the first degree, MCL 750.520(b); MSA 28.788(2). Following a preliminary examination on December 18, 1986, defendant was bound over for trial on all five counts. Defendant's subsequent motion to quash Counts I, IV and V was denied by the circuit court. It is from this order that defendant sought and was granted permission to bring this interlocutory appeal. We affirm in part and reverse in part.

The facts as adduced at the preliminary examination are as follows. On June 9, 1986, Brenda Barron and Johnny Ochalick picked up a three-year-old girl and took her to the Barron home to spend the night. Ochalick testified that defendant was left alone for about four to five hours to babysit his son, the three-year-old girl, and two other girls, ages five and six.

The three-year-old's mother testified that the following day she drove to the Barron home to pick up her daughter. On the way home, the child complained of pain in her vaginal and rectal areas. The mother examined the child and found the vaginal area red and swollen.

The three-year-old girl testified that she knew "Pa Paw" Frank (defendant) and identified him in court stating, "I don't like him." The child indicated that defendant touched her with his tongue in her mouth and vagina by pointing to those areas. The child was given two anatomically correct dolls with their clothes removed. When asked where Pa Paw put his "tu-tu" (penis), the child pointed to the vagina and rectum of the female doll. The child stated that defendant put his penis in her mouth. The child also testified that she saw defendant "do something" to the other girls.

Dr. Ethelene C. Jones, a board certified obstetrician/gynecologist, testified that she examined the three-year-old girl on July 2, 1986, and found

evidence of healed tears in the vaginal area as well as lacerations in the perianal area. Based on her experience with sexually abused children, the doctor opined that the child had been sexually penetrated.

Dr. Jones also examined both the five-year-old and six-year-old girls on July 30, 1986, and in both cases found indications that the children had been sexually penetrated. However, the doctor was unable to establish a time frame as to when the sexual abuse occurred for any of the three children.

Defendant was then charged as follows:

Count I alleged defendant engaged in sexual penetration with the five-year-old girl on June 9, or 10, 1986. Counts II, III and IV allege defendant engaged in sexual penetration with the three-year-old girl; Count II, cunnilingus; Count III, fellatio; and Count IV, sexual penetration. Count V alleged defendant engaged in sexual penetration with the six-year-old girl.

At the preliminary examination, defendant moved to have Counts I and V dismissed as neither the five-year-old girl nor the six-year-old girl testified and Dr. Jones' opinion that the girls had been penetrated was not only improper but insufficient to make out the legal elements of first-degree criminal sexual conduct. Defendant also moved for dismissal of Counts II, III and IV, on the basis that the three-year-old girl's testimony was contradictory and the doctor's testimony was improper as to the crucial issue of whether an actual rape occurred at a specific time and place. The court, finding the requisite quantum of evidence, bound defendant over on all five charges.

Thereafter, defendant brought a motion to quash Counts I, IV and V. Following a hearing on February 23, 1987, the circuit court concluded that the

magistrate had not abused his discretion in binding defendant over on these counts and, thus, defendant was to be tried on all five counts of first-degree criminal sexual conduct.

Defendant argues on appeal as he did below that the magistrate abused his discretion in binding defendant over on Counts I, IV and V as listed on the information. We find no abuse of discretion by the magistrate in binding defendant over on Count IV. However, we conclude that Counts I and V, as to the five-year-old girl and the six-year-old girl, respectively, should have been dismissed.

It is the duty of the magistrate to bind a defendant over for trial if it appears at the conclusion of the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v Dyer,* 157 Mich App 606, 608; 403 NW2d 84 (1986), and cases cited therein. Probable cause is defined as a "reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged." *People v Dellabonda,* 265 Mich 486, 490; 251 NW 594 (1933). Positive proof of guilt is not required, only that there must be some evidence on each element of the crime charged, or evidence from which these elements may be inferred. *People v Irby,* 129 Mich App 306, 321; 342 NW2d 303 (1983).

In reviewing the decision of a magistrate to bind over an accused person, the reviewing court will not substitute its judgment for that of the magistrate. His decision will be reversed only if it appears on the record that there has been a clear abuse of discretion. *People v Talley,* 410 Mich 378,

385; 301 NW2d 809 (1981); *People v Scurry,* 153 Mich App 437, 439; 395 NW2d 342 (1986).

The instant complaint alleges that defendant engaged in sexual penetration with the five-year-old girl (Count I), the three-year-old girl (Count IV) and the six-year-old girl (Count V). MCL 750.520b(1)(a); MSA 28.788(2)(1)(a) provides:

> Sec. 520b. (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> (a) That other person is under 13 years of age.

Section 520a, as used in section 520b, defines "sexual penetration":

> (l) "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required. [MCL 750.250a(l); MSA 28.788(1)(l).]

We have reviewed the preliminary examination transcript and find that the evidence adduced was sufficient to establish penetration with respect to the three-year-old girl. Although she did not specifically testify to penetration, we find that her testimony, coupled with that of her mother, John Ochalick and Dr. Jones, was sufficient to bridge the gap between the testimony of the child and proof of the act of penetration. *People v Callahan,* 152 Mich App 29, 32; 391 NW2d 512 (1986). Specifically, the child testified, with the aid of anatomically correct dolls, that defendant inserted his penis into her vagina:

> *Q.* Can you show me with the doll? Show me

with the doll. Where did Pa Paw Frank put his tu-tu (penis)?

*A.* Right there.

*Ms. Diehl [Prosecutor]:* All right. For the record indicating doll's vagina.

*The Witness:* Right here.

*Ms. Diehl:* Indicating the doll's rectum.

In addition, the three-year-old child's mother testified that her daughter complained of pain in her vaginal area which she found to be red and swollen. Significantly, the alleged incidents took place while defendant was alone with the children for approximately four to five hours.

Dr. Jones testified that the physical examination revealed healed tears in the vaginal area as well as lacerations and signs of chronic irritation in the perianal area. In the doctor's opinion, the three-year-old child had been sexually penetrated.

We find that this evidence, albeit circumstantial, was sufficient to warrant the inference that defendant penetrated the three-year-old child. Consequently, we find no abuse of discretion in binding defendant over on Count IV.

However, we do not reach a similar conclusion with respect to Counts I and V which alleged sexual penetration of the five-year-old girl and the six-year-old girl. At the preliminary examination, neither of these girls testified. The only testimony relative to these charges was elicited from the three-year-old girl and Dr. Jones. Dr. Jones testified that, after examining both the five-year-old girl and the six-year-old girl, it was her opinion that each girl had been sexually penetrated. With respect to the three-year-old girl, her testimony was vague and inconclusive:

*Q.* [D]id you see Pa Paw Frank do anything to [the five-year-old girl]?

*A.* Yes.

*Q.* What did you see Pa Paw Frank do to [her]? Will you tell me?

*A.* (No response)

*Q.* Did you see Pa Paw Frank do something to [the six-year-old girl]?

*A.* Yes.

*Q.* Will you tell me what you saw him do to [her]?

*A.* He just—he just pointed at me.

*Q.* Who pointed at you? Pa Paw Frank did?

In addition to arguing that the court abused its discretion in binding defendant over on these charges, defendant also claims that the examining physician, Dr. Jones, was improperly allowed to give expert opinion testimony as to the crucial issue whether the five-year-old girl and the six-year-old girl were actually raped at a specific time and place.

In a criminal sexual conduct case, an examining physician's testimony is admissible for the limited purposes of establishing penetration or penetration against the will of the victim. *People v Naugle,* 152 Mich App 227, 236; 393 NW2d 592 (1986). If a victim has had intercourse following the alleged assault but prior to the medical examination, the physician is not qualified to give an opinion whether the victim was assaulted on the alleged date unless a proper foundation has been established. *Id.,* and cases cited therein.

Our review of the transcript confirms the trial court's conclusion that Dr. Jones' testimony was confined to the issue of whether penetration occurred. Dr. Jones did not express an opinion as to a place, specific time or by whom the rape occurred. Furthermore, the doctor's opinion was grounded upon objective evidence within the realm

of her expertise as an obstetrician/gynecologist. Cross-examination was available and used. We find no error in the trial court's determination that this testimony was admissible. MRE 702; see *People v Smith,* 425 Mich 98; 387 NW2d 814 (1986).

Although proper, we find that this testimony, at most, only established that a crime had been committed. It was insufficient, however, to establish probable cause to believe that defendant had engaged in sexual penetration with either of the girls.

Neither the five-year-old girl nor the six-year-old girl testified at the preliminary examination and the three-year-old girl's testimony indicated only that she saw defendant "do something." The strongest evidence of penetration was from Dr. Jones who only stated that the injuries were compatible with penetration. Clearly, this does not support a reasonable inference that there had been penetration of either child by defendant.

Accordingly, we find that the magistrate abused his discretion in binding defendant over for trial on Counts I and V.

Affirmed with respect to Count IV. Counts I and V should be dismissed.[1]

---

[1] Defendant does not challenge his bindover on Counts II and III. Accordingly, he must stand trial on these charges as well.