# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 13, 2016

Plaintiff-Appellee,

v

No. 328677
Wayne Circuit Court
LC No. 15-002377-FC

SAMUEL RICHARD FRONTIERA III,

Defendant-Appellant.

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions on three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*i*) (victim is at least 13 but less than 16 years old and a member of the same household), for which he was sentenced to 11 to 30 years' imprisonment for each conviction. We affirm.

This case arises from defendant's sexual assault of his fiancé's fourteen-year-old daughter, a special education student who suffered from emotional impairment.

Defendant argues that there was insufficient evidence to support his convictions because there was no physical evidence and the victim could not remember details of the incidents. We disagree.

We review de novo challenges to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The evidence is considered in a light most favorable to the prosecution to determine whether a reasonable jury could have found defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation omitted). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To convict defendant in this case, the prosecution had to prove that (1) defendant engaged in sexual penetration with the victim, (2) who was at least 13 but less than 16 years old, and (3) defendant and the minor victim were members of the same household. See *People v Phillips*, 251 Mich App 100, 102; 649 NW2d 407 (2002), quoting MCL 750.520b(1)(b)(*i*). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . into the genital or anal

-1-

openings of another person's body . . . ." MCL 750.520a(r). Defendant and the victim are considered members of the same household if they are "'a family unit residing under one roof for any time other than a brief or chance visit.'" *Phillips*, 251 Mich App at 103, quoting *People v Garrison*, 128 Mich App 640, 646; 341 NW2d 170 (1983).

Defendant does not contest the victim's age. The first assault took place just after the victim turned 14 years old, and the following assaults occurred over the next few months. Defendant also does not contest that he and the victim were members of the same household. Defendant was the fiancé of the victim's mother, and they all lived in the same house. The victim even referred to defendant as her "stepdad." Therefore, the second and third elements are met, and the remaining issue is whether there was sufficient evidence to establish sexual penetration beyond a reasonable doubt.

The victim testified that, the first time defendant sexually assaulted her, he put his penis in her vagina. Although she could not remember the specific date, the victim knew that it occurred in April because it was just after her fourteenth birthday. She recounted some of the events leading up to the assault, including smoking marijuana, defendant taking off his clothes, and then the victim taking off her clothes. She also testified that she was lying on her back and that it stopped when defendant ejaculated. The victim also testified to one act of fellatio and one act of cunnilingus between her and defendant. Although she could not recall details of these events, all the assaults occurred at one of two addresses in Northville. The victim admitted that the passage of time, smoking marijuana before each occurrence, and not wanting to remember had affected her ability to recall precise details of the assaults.

In defendant's insufficiency claim, he raises two arguments. First, defendant makes a blanket statement that "there was no physical evidence that an offense has been committed." Defendant provides no case law to support this argument. In fact, no physical evidence is required to establish the elements of first-degree criminal sexual conduct. See *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010) ("the complainant's testimony can, by itself, be sufficient to support a conviction of CSC"); *People v Solloway*, ___ Mich App ___; ____ NW2d ___ (2016) (Docket No. 324559); slip op at 3 ("In criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated."). See also MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g."). Thus, this argument is without merit.

Second, defendant challenges the victim's credibility. This Court has stated that witness credibility is a question for the jury. *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). Further, this Court has maintained that it "does not interfere with a jury's credibility determinations." *People v Noble*, 238 Mich App 647, 657; 608 NW2d 123 (1999). The jury in this case heard the testimony of the victim and her school social worker, and determined the credibility of each when it found defendant guilty.

Further, in arguing that the victim is not credible because she could not remember all the details of the assaults, defendant relies on *People v Callahan*, 152 Mich App 29; 391 NW2d 512 (1986), where this Court found insufficient evidence of more than one sexual penetration where the victim was only able to recall one act of penetration. *Id*. at 32. Defendant argues that this Court cannot use guesswork to reach conclusions where the evidence is not "unequivocally

clear." But *Callahan* is distinguishable from this case. In *Callahan*, the victim was not able to recall any additional acts of penetration beyond the first act, and there was insufficient circumstantial evidence for this Court to conclude the additional acts took place. *Id*. Here, the victim remembers each act of penetration (specifically more than 10 acts, one of which involved fellatio and one of which involved cunnilingus, and multiple penetrations with his penis); she does not remember the details surrounding the acts. Thus, since the victim was able to recall the multiple acts of penetration, her testimony provided sufficient evidence for the jury to make its credibility determination.

In summary, defendant's arguments challenging the sufficiency of the evidence are without merit.

Next, defendant argues that his sentences are unreasonable and disproportionate because, although they fell within the recommended guidelines sentence range, an offender falling within the same guidelines range but with higher point totals for either the offense variables or prior record variables could not receive a more severe sentence. We disagree.

This Court must affirm defendant's minimum sentences if they fall within the recommended guidelines sentence range, unless defendant argued and can establish that his sentences were the result of an error in scoring the guidelines or inaccurate information. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). This Court has stated that "*Lockridge* did not alter or diminish MCL 769.34(10)," which requires this Court to affirm a minimum sentence that is within the appropriate guidelines sentence range. *Id*. at 196 n 1. Only "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When a sentence is reviewed for reasonableness, then the principle of proportionality standard should be applied. *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).

Here, defendant was sentenced to a minimum term of 132 months' imprisonment for each of three counts of first-degree criminal sexual conduct. His minimum sentencing guidelines range was 81 to 135 months. Thus, his sentences fall within his applicable guidelines range. Defendant argues that, because his offense variable score of 50 points landed him in the middle of OV Level 3 (40 to 59 points), and his prior record variable score of 20 landed him within the 10 to 24 points of PRV Level C, being sentenced at the top of his minimum guidelines range is unreasonable and disproportionate. Defendant's theory is that another offender scoring higher in either of those categories could only be sentenced to, at most, three more months' imprisonment, which is unfair. Defendant does not argue that his guidelines were scored incorrectly or that they were based on incorrect information. A reasonableness and proportionality argument only applies to minimum sentences that depart from the recommended guidelines sentence range. *Schrauben*, 314 Mich App at 196. Therefore, defendant's sentences must be affirmed.

Defendant further argues that the trial court gave no reasoning for the sentences as required by *Lockridge*. *Lockridge* simply expressed the requirement that sentencing courts "justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. This Court has previously explained that this "articulation requirement is satisfied if the trial court expressly relies on the sentencing guidelines in imposing the sentence or if it is clear

from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines." *People v Conley*, 270 Mich App 301, 313; 715 NW2d 377 (2006). At sentencing, the trial court agreed that OV 10 was properly scored at 15 points for predatory conduct, and noted that defendant's sentences fell within the applicable guidelines range. Thus, the trial court satisfied its articulation requirement.

In summary, defendant's arguments challenging his sentences are without merit.

Affirmed.


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra