*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 13, 2024

v

No. 365132
Gladwin Circuit Court
LC No. 2022-011308-FC

KURTIS WAYNE DELL,

        Defendant-Appellant.

Before: MALDONADO, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of first-degree criminal sexual conduct ("CSC-I") and second-degree criminal sexual conduct ("CSC-II"). The trial court sentenced defendant as a third-offense habitual offender to serve concurrent sentences of 25 to 35 years' imprisonment for the CSC-I conviction and 15 to 30 years' imprisonment for the CSC-II conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The victim testified that defendant inappropriately touched her with his hand one night while he was living with the victim and her mother. At the time, the victim was between five and six years old. According to the victim, she was in their living room when defendant came up from behind her and began to touch her. This event occurred when defendant was left alone to watch the victim while her mother and her mother's boyfriend—defendant's brother—went out to the store.

Defendant presented evidence, including through his own testimony, that he was not the individual who assaulted the victim. Defendant denied that he ever was left to watch the victim, stating that when he lived with the victim's mother, the victim was not living at the house. Defendant's brother also testified that the victim was not living at the house at the time, stating that the victim only visited "occasionally." He did not know whether the victim was at the house while defendant was there, and testified that she was "probably not" because "she was not there that often."

The jury convicted defendant of one count of CSC-I, MCL 750.520b(1)(a) (sexual penetration of victim under age 13 by defendant 17 years of age or older); and one count of CSC-II, MCL 750.520c(1)(a)

(sexual contact with victim under 13 by defendant age 17 years of age or older). The trial court sentenced defendant as previously stated, and this appeal followed.

## II. INEFFECTIVE ASSISTANCE

Defendant first argues that his trial counsel was ineffective because he voluntarily presented evidence of defendant's prior convictions at trial during defendant's direct examination. According to defendant, this evidence permitted the jury to render a verdict on the basis of defendant's bad character rather than the evidence of his guilt. Defendant also asserts that his trial counsel was ineffective for failing to challenge five jurors for cause. We disagree.

### A. STANDARDS OF REVIEW

Whether a defendant received ineffective assistance of counsel is a mixed question of constitutional law and fact. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Factual findings are reviewed for clear error, and constitutional determinations are reviewed de novo. *Id*. Clear error exists if the reviewing court "is left with a definite and firm conviction that the trial court made a mistake." *Id*. at 227-228 (quotation marks and citation omitted). Defendant preserved this issue for appeal by filing a motion for remand to the trial court, which was denied. *People v Dell*, unpublished order of the Court of Appeals, entered November 6, 2023 (Docket No. 365132). Therefore, this Court's review is limited to errors apparent on the record. *Abcumby-Blair*, 335 Mich App at 227.

### B. ANALYSIS

Criminal defendants are entitled to the effective assistance of counsel under the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20; *Strickland v Washington*, 466 US 668, 685-686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish ineffective assistance of counsel, "defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Abcumby-Blair,* 335 Mich App at 228. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy," and this Court does not "second-guess counsel on matters of trial strategy" or "assess counsel's competence with the benefit of hindsight." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

#### 1. PRIOR CONVICTIONS

Defendant asserts that his trial counsel's performance during defendant's direct examination fell below an objective standard of reasonableness because it "opened the door" to the prosecutor to further inquire into defendant's four prior felony convictions of larceny, possession of sexually abusive material, and failure to pay child support. During direct examination, defendant and trial counsel had the following exchange:

> *Q*. Now you have had some difficulties concerning your criminal activities?

*A.* Yes.

*Q.* And what are those? What is it that you have had as criminal convictions?

*A.* I have two larceny in a buildings and child support felony, and then I also have an attempted possession of child sexually abusive material.

*Q.* Okay. And what was the circumstances of that particular case?

*A.* The child sexually abusive material?

*Q.* Yes.

*A.* My now wife had sent me pictures, and I had them on my phone, and she was underage at the time.

*Q.* Okay. And so what were you convicted of?

*A.* Attempted possession of child sexually abusive material.

On cross-examination, the prosecutor inquired into this history further:

*Q.* You indicated you were convicted of two different charges for larceny in a building?

*A.* Yes.

*Q.* Those are theft offenses, aren't they?

*A.* Yes.

*Q.* And . . . so you were stealing things from people?

*A.* Yes.

\* \* \*

*Q.* And when did they occur?

*A.* 2010 and 2012.

\* \* \*

*Q.* And when was the charge for attempted possession of child sexually abusive material?

*A.* 2014.

*Q.* Okay. And . . . what that charge involved is you had . . . nude or semi-nude pictures of somebody under the age of 18?

*A.* Yes, sir.

*Q.* Okay. And what was the . . . other charge? You said child support?

*A.* Yes.

*Q.* Felony child support, a misdemeanor?

*A.* It was a felony.

\* \* \*

*Q.* And when was that?

*A.* 2018.

Defendant first challenges trial counsel's elicitation of evidence of his conviction of possession of child sexually abusive material, MCL 750.145c(4)(a). As an initial matter, defendant testified at trial that he was convicted of *attempted* possession of child sexually abusive material, MCL 750.145c(4)(a). This testimony was never corrected at trial. Regardless, under MCL 768.27a(1), defendant's conviction for actual possession was admissible at trial. MCL 768.27a(1) states that,

> in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

The statute defines a "listed offense" as the term is defined in Section 2 of the Sex Offenders Registration Act ("SORA"), MCL 28.722 *et seq*. MCL 768.27a(2)(a). Possession of child sexually abusive activity is a Tier I "listed offense" under SORA. MCL 28.722(r)(*i*). Because defendant's charges at trial related to two listed offenses against a minor, MCL 28.722(v)(*iv*) and (*v*), evidence of defendant's prior conviction was substantively admissible under MCL 768.27a, subject to prejudice analysis under MRE 403.

Admission of defendant's prior conviction of possession of child sexual abuse material was not unfairly prejudicial because it was a criminal conviction that happened near the time of defendant's alleged assault of the victim and was also a crime involving defendant's sexual misconduct with respect to another minor. See *Watkins*, 491 Mich at 487-488 (stating that when deciding whether to admit other-acts evidence under MCL 768.27a, courts should consider "(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting

the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony"); *People v Petri*, 279 Mich App 407, 411, 760 NW2d 882 (2008) ("A defendant's propensity to commit criminal sexual behavior can be relevant and admissible under the statutory rule to demonstrate the likelihood of the defendant committing criminal sexual behavior toward another minor.").

Defendant asserts that there was no reason for his attorney to offer this evidence proactively because the prosecutor did not file notice of its intention to admit this evidence, as required by MCL 768.27a. Although the record does not demonstrate whether defendant was given notice of the prosecutor's intent to use this evidence, defendant was clearly aware that his prior conviction was for sexual misconduct involving a minor. Furthermore, by admitting this evidence before the prosecutor, trial counsel could have reasonably been attempting to control the narrative regarding the conviction. In other words, this was a strategic decision regarding what evidence to present, see *Horn*, 279 Mich App at 39, and defendant has not overcome the presumption that defense counsel was engaging in a sound trial strategy when he offered this evidence, see *Abcumby-Blair*, 335 Mich App at 236-237.

Defendant also challenges trial counsel's proactive elicitation of evidence of defendant's prior larceny convictions. Defendant was convicted of attempted larceny in a building, MCL 750.360, in 2011, and larceny in a building, MCL 750.360, in 2012. Both of these offenses are felonies containing an element of theft and were admissible for impeachment purposes at trial. See MRE 609. As with his possession conviction, defendant has likewise failed to overcome the presumption that his trial counsel was engaged in a reasonable trial strategy when he proactively admitted this evidence. Defendant's theory of the case was that he did not commit the assault or live with the victim when the alleged assault occurred. Defendant's theory directly contradicted the testimony from the victim and other witnesses and, therefore, defendant's credibility was central to his defense. Thus, trial counsel could have reasonably believed that if defendant testified, he would be subject to cross-examination regarding his prior convictions under MRE 609. See *Abcumby-Blair*, 335 Mich App at 236-237 (stating that under *Strickland*, there is "a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy") (quotation marks and citation omitted).

Finally, defendant challenges the admission of evidence of his conviction of failure to pay child support, MCL 750.165. Even if this evidence was inadmissible and defendant could show deficient performance by trial counsel, defendant has failed to show that such performance gives rise to a reasonable probability of a different outcome. The trial court explicitly instructed the jury on two occasions that it could only consider defendant's prior convictions for the purposes of assessing his credibility, and that "[a] past conviction is not evidence that the defendant committed the alleged crime in this case." Moreover, "[j]urors are presumed to follow their instructions, and it is presumed that instructions cure most errors." See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Accordingly, any error committed by trial counsel did not undermine confidence in the outcome of these proceedings. See *Abcumby-Blair,* 335 Mich App at 228.[1]

---

[1] Defendant also briefly argues that trial counsel's statements about defendant's prior convictions during voir dire constituted ineffective assistance. A review of the record shows that, contrary to defendant's assertion, defense counsel did not tell the jury about defendant's prior convictions during voir dire, but was ascertaining whether the jury would be biased against defendant *if* he had prior convictions. This was

## 2. JUROR BIAS

"[A] criminal defendant has a constitutional right to be tried by an impartial jury[.]" *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008); see also *People v Haynes*, 338 Mich App 392, 411; 980 NW2d 66 (2021). "A trial court ensures that a jury is impartial by conducting voir dire and removing biased jurors before impaneling the jury: The purpose of voir dire is to elicit enough information for development of a rational basis for excluding those who are not impartial from the jury." *Haynes*, 338 Mich App at 411 (quotation marks and citation omitted). Under MCR 2.511(E) and MCR 6.412(D)(1), either party may challenge a prospective juror for cause. MCR 2.511(E)(2) provides, in relevant part, that a challenge for cause is proper when a prospective juror "is biased for or against a party or attorney." "[O]nce a party shows that a prospective juror falls within the parameters of one of the grounds enumerated in [MCR 2.511(E)], the trial court is without discretion to retain that juror, who must be excused for cause." *People v Eccles*, 260 Mich App 379, 383; 677 NW2d 76 (2004).

Jurors are presumed to be impartial unless a party shows otherwise. See *Miller*, 482 Mich at 550. "The burden is on the defendant to establish that the juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *Id*. For a defendant's claim of juror misconduct or bias to be successful, he must demonstrate that the alleged misconduct or bias resulted in prejudice or that the juror's impartiality was compromised. See *Miller*, 482 Mich at 548. A juror who does not deliberate may not be challenged for affecting the outcome of the proceedings unless the defendant shows "that the remarks by some of the prospective jurors had any effect on the impartiality of the jury." See *Haynes*, 338 Mich App at 415.

This Court is "disinclined to find ineffective assistance of counsel on the basis of an attorney's failure to challenge a juror." *People v Unger*, 278 Mich App 210, 258; 749 NW2d 272 (2008). A reviewing court "cannot see the jurors or listen to their answers to voir dire questions," and "[p]erhaps the most important criteria in selecting a jury include a potential juror's facial expressions, body language, and manner of answering questions." *Id*. (quotation marks and citations omitted). Absent a showing of actual bias against a defendant, trial counsel's decision to keep a juror is considered a matter of trial strategy that this Court will not second-guess. See *id*. at 257-258. Further, trial counsel is not ineffective for failing to advance a meritless position or make a futile motion. *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014).

Defendant argues that Jurors 4, 7, 8, 12, and 14 were biased and defense counsel acted ineffectively by failing to challenge these jurors for cause. Defendant specifically takes issue with the jurors' statements regarding his prior conviction of sexual misconduct. When Jurors 4, 7, 8, and 14 were on the panel, Juror 4 stated that, if evidence was presented that defendant engaged in previous sexual misconduct, it might cause him to find defendant more likely to be guilty. Juror 8 agreed. When defense counsel asked how the other jurors on the panel felt, several unnamed jurors also agreed. Later, Juror 12 stated that he believed that if defendant had a "previous record" he would be more likely to commit a second offense. Defendant asserts that these statements demonstrate that the jurors were biased against him.

---

a permissible tactic to determine whether the jury would be impartial, see *People v Haynes*, 338 Mich App 392, 411; 980 NW2d 66 (2021), and defendant fails to establish that these actions were objectively unreasonable. See *Vaughn*, 491 Mich at 670.

As a preliminary matter, we note that Jurors 4 and 7 were alternates and did not deliberate on the verdict. Therefore, neither of these jurors' presence at trial could have prejudiced defendant or the verdict. See *Haynes*, 338 Mich App at 415; *Abcumby-Blair,* 335 Mich App at 228. With respect to the jurors who remained on the jury, beyond highlighting the fact that the jury asked one question regarding defendant's conviction of sexual misconduct at trial, defendant points to no evidence that the jurors were biased against him. Further, although Jurors 8 and 12 made comments that defendant's prior convictions may influence their opinion of his guilt, both jurors also expressly stated that they believed that they could provide defendant a fair trial, and affirmed that they would reach a fair verdict on the basis of the evidence and follow the court's instructions. Moreover, while Juror 14 was on the panel during the interaction between defense counsel and Jurors 4 and 8, Juror 14 never actually stated that he would find defendant's prior convictions persuasive in any manner. Defendant has, therefore, failed to meet his burden to establish that the challenged jurors were not impartial or at least that their impartiality was in reasonable doubt. See *Miller*, 482 Mich at 550.

Further, during voir dire, counsel questioned these jurors, asked about their potential for bias, and their understanding of the criminal standard of proof beyond a reasonable doubt. Defense counsel utilized two of his peremptory challenges and did not object to the for-cause removal of several jurors who expressed bias. Defense counsel was presumably satisfied with the jurors' responses that they could provide defendant with a fair trial, and we will not second-guess this decision without a showing that these jurors were actually biased. See *Unger*, 278 Mich App at 257-258. Moreover, because defendant has failed to show that a challenge for cause would have been successful, see *Douglas*, 496 Mich at 592, defense counsel was not ineffective for failing to take a meritless position. See *Henry (After Remand)*, 305 Mich App at 141.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to support his convictions of CSC-I and CSC-II because the sexual assault occurred during one single transaction. We disagree.

## A. STANDARD OF REVIEW

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). To determine whether there is sufficient evidence for a conviction, we review the evidence in the light most favorable to the prosecution, and consider "whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). This "standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*., (quotation marks omitted and citation omitted; emphasis in *Oros*). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

The elements of CSC-I are (1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age. *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014). "Sexual penetration"

means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." *Id.*, quoting MCL 750.520a(r) (quotation marks omitted).

The elements of CSC-II are (1) the defendant engaged in sexual contact, (2) with a person under 13 years of age. *Duenaz*, 306 Mich App at 106. "Sexual contact" is defined as

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner . . . ." [MCL 750.520a(q).]

When determining whether an intentional touching could be construed as having been done for a sexual purpose, "the conduct should be viewed objectively under a reasonable person standard." *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016) (quotation marks and citation omitted). And "[i]t has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction for CSC-I . . . ." *People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015); see also MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under [MCL 750.520b to MCL 750.520g].").

Although the victim in this case did not remember her exact age when the assault occurred, she remembered that it took place when defendant lived with her and her mother. The victim's mother testified that defendant lived with her in late 2012, when the victim was either five or six. The victim testified that defendant came up from behind her and touched and rubbed her vagina while she was attempting to fall asleep. The victim also testified that the contact was not accidental. On the basis of this testimony, the jury could have reasonably inferred that the touching was done for a sexual purpose. See *Oros*, 502 Mich at 239. Therefore, this testimony was sufficient to support the jury's verdict that defendant had sexual contact with the victim when she was under 13 years old, satisfying the requisite elements of CSC-II. See *Duenaz*, 306 Mich App at 106; MCL 750.520a(q); MCL 750.520a(f). The victim also testified that defendant put his hand inside the lips of her vagina, causing her underwear to go inside her genitals. This testimony was sufficient to establish that defendant sexually penetrated the victim, satisfying the elements of CSC-I. See *Duenaz*, 306 Mich App at 106; MCL 750.520a(r).

Defendant contends that the prosecutor presented insufficient evidence to support his convictions of both CSC-I and CSC-II because the victim testified about only one single ongoing transaction of sexual assault rather than two separate events. Defendant relies on *People v Callahan*, 152 Mich App 29, 32; 391 NW2d 512 (1982),[2] for the proposition that a single transaction cannot be the basis for two convictions because it would involve "guesswork and surmise." However, defendant's reliance on *Callahan* is misplaced, because here, unlike in *Callahan*, 152 Mich App at 32, where the Court determined there was

---

[2] Published decisions of the Court of Appeals issued before November 1, 1990, are not precedentially binding. MCR 7.215(J)(1). Although this Court is "not strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990, . . . they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

sufficient evidence to support one count but not the other, there was distinct evidence of defendant's actions in this case to support the elements in both counts. Moreover, unlike in *Callahan*, no inferences were required to be drawn regarding whether defendant completed the actions necessary to satisfy all elements of CSC-I and CSC-II. Although the events occurred during a single interaction between the victim and defendant, this did not preclude the jury from finding defendant guilty on both charges. See *Duenaz*, 306 Mich App at 107 (stating that "[t]he same evidence that supported defendant's convictions of CSC-I would also support, on the facts of this case, conviction for CSC-II."). Because CSC-I and CSC-II are two separate crimes, see *Duenaz*, 306 Mich App at 107, and sufficient evidence was presented on all the elements of both crimes, it is immaterial that the events occurred during a single continuous transaction.

## IV. SENTENCING

Lastly, defendant argues that he is entitled to resentencing because the trial court improperly calculated his sentencing guidelines range by misscoring offense variable ("OV") 10 and OV 13. We disagree.

## A. STANDARDS OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2016) (quotation marks and citation omitted). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Muniz*, 343 Mich App 437, 452; 997 NW2d 325 (2022) (quotation marks and citation omitted). "A trial court relies on inaccurate information when it sentences a defendant by consulting an inaccurate guidelines range." *Id*. "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *Id*. (quotation marks and citation omitted).

OV 10 addresses whether the defendant exploited a vulnerable victim. MCL 77.40(1). It is appropriate to assess 10 points for OV 10 if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). The term "exploit" means "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). "Abuse of authority status" means that "a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher." MCL 777.40(2)(d). The statute defines "vulnerability" as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). "[T]o merit a score of 10 points for OV 10, a defendant must have manipulated a young victim for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *People v Needham*, 299 Mich App 251, 255; 829 NW2d 329 (2013). A difference in age between the defendant and the victim may demonstrate that the defendant exploited the victim's youth when committing a sexual assault. *People v Johnson*, 474 Mich 96, 103-104, 712 NW2d 703 (2006).

Defendant argues that he is entitled to resentencing because the trial court improperly scored OV 10. The evidence introduced at trial showed that defendant was 23 years old during the incident, approximately 18 years older than the five to six year old victim; that defendant was living with the victim when he assaulted her; and that he was the sole adult in charge of her when the abuse occurred. The jury found that defendant touched and penetrated the victim's genitals for sexual purposes. Accordingly, the preponderance of the evidence demonstrated that defendant "exploited" the victim's age and abused his authority status for the selfish or unethical purposes of sexual arousal. See *Needham*, 299 Mich App at 255. Therefore, the trial court did not clearly err when it assessed 10 points for OV 10.

OV 13 addresses a defendant's "continuing pattern of criminal behavior." MCL 777.43(1). It is appropriate to assess 25 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). Defendant's argument regarding OV 13—that there was not a pattern of criminal behavior—is premised on one or both of his convictions being overturned for insufficient evidence. As outlined above, there was sufficient evidence to support both convictions. In light of defendant's two present convictions of CSC-I and CSC-II, and his conviction of child sexually abusive material, another crime against a person, MCL 777.16g, there was sufficient evidence to conclude by a preponderance of the evidence that defendant committed at least three offenses against a person, and the trial court did not clearly err when it assessed 25 points for OV 13.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Kirsten Frank Kelly
/s/ James Robert Redford