# Order

May 25, 2016

152671
152849
152871-3
152946-8

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ALEXANDER JEREMY STEANHOUSE,
      Defendant-Appellant.
_____/

SC: 152671
COA: 318329
Wayne CC: 11-011939-FC

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

ALEXANDER JEREMY STEANHOUSE,
      Defendant-Appellee.
_____/

SC: 152849
COA: 318329
Wayne CC: 11-011939-FC

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

MOHAMMAD MASROOR,
      Defendant-Appellant.
_____/

SC: 152871-3
COA: 322280; 322281; 322282
Wayne CC:  14-000869-FC;
           14-000858-FC;
           14-000857-FC

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

SC: 152946-8
COA: 322280; 322281; 322282
Wayne CC:  14-000869-FC;
           14-000858-FC;
           14-000857-FC

MOHAMMAD MASROOR,
              Defendant-Appellee.

_____/

On order of the Court, the applications for leave to appeal the October 22, 2015 judgment of the Court of Appeals in *People v Steanhouse* (Docket No. 152671 and Docket No. 152849), and the applications for leave to appeal the November 24, 2015 judgment of the Court of Appeals in *People v Masroor* (Docket Nos. 152871-3 and Docket Nos. 152946-8) are considered. Leave to appeal is GRANTED in *Steanhouse* in Docket No. 152849, and in *Masroor* in Docket Nos. 152946-8, and the cases shall be argued and submitted to the Court together at such future session of the Court as both cases are ready for submission. The parties in each case shall address: (1) whether MCL 769.34(2) and (3) remain in full force and effect where the defendant's guidelines range is not dependent on judicial fact-finding, see MCL 8.5; (2) whether the prosecutor's application asks this Court in effect to overrule the remedy in *People v Lockridge*, 498 Mich 358, 391 (2015), and, if so, how *stare decisis* should affect this Court's analysis; (3) whether it is proper to remand a case to the circuit court for consideration under Part VI of this Court's opinion in *People v Lockridge* where the trial court exceeded the defendant's guidelines range; and, (4) what standard applies to appellate review of sentences following the decision in *People v Lockridge*.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae addressing the four issues set forth above. Other persons or groups interested in the determination of the issues presented in these cases may move the Court for permission to file briefs amicus curiae. Motions for permission to file briefs amicus curiae and briefs amicus curiae regarding these two cases should be filed in *Steanhouse* Docket No. 152849 only *and served on the parties in both cases*.

The total time allowed for oral argument by the parties shall be 60 minutes, with 15 minutes for each party. MCR 7.314(B). Following the arguments by the parties, we invite the Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan to participate in oral argument to address the first and fourth issues set forth above. Each shall be permitted 10 minutes of argument.

The other applications for leave to appeal (*Steanhouse* Docket No. 152671 and *Masroor* Docket Nos. 152871-3) remain pending.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2016



Clerk

p0518