# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTONIO KING GREEN,

Defendant-Appellant.

UNPUBLISHED
September 15, 2016

No.  327261
Genesee Circuit Court
LC No.  13-033790-FC

Before:  GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of assault with intent to commit murder, MCL 750.83, carrying a concealed weapon (CCW), MCL 750.227, and possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant to 20 to 40 years' imprisonment for each of the assault with intent to commit murder convictions, two to five years' imprisonment for the CCW conviction, and two years' imprisonment for the felony-firearm conviction.  We affirm.

This case arose following a family dispute that evolved into a violent confrontation.  On appeal, defendant challenges only the proportionality of his sentences for his assault with intent to commit murder convictions.  Defendant contends that his sentences must be reviewed for reasonableness under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and that this reasonableness review requires us to examine the proportionality of his sentences under the *Milbourn*[1] standard that this Court adopted in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).  Defendant urges us to conclude that his sentences violate the *Milbourn* principle of proportionality because the trial court failed to adequately consider defendant's lack of a prior criminal record and the fact that he has obtained the equivalent of a high school diploma.  Defendant's argument is premised on a misunderstanding of *Lockridge* and *Steanhouse* and a failure to appreciate MCL 769.34(10), which mandates affirmance of his sentences in this case.

---

[1] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), superseded by statute as stated in *People v Armisted*, 295 Mich App 32, 51-52; 811 NW2d 47 (2011).

We review de novo questions involving the interpretation and application of the sentencing guidelines. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). We review for an abuse of discretion whether a sentence is proportionate. *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).

In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient under the Sixth Amendment to the extent that "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne* [*v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013)]." As a remedy for this constitutional violation, our Supreme Court "sever[ed] MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Lockridge*, 498 Mich at 364. The Court also struck "down the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *Id*. at 364-365. The Court held "that a guidelines minimum sentence range calculated in violation of *Apprendi* [*v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000),] and *Alleyne* is advisory only and that sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." *Lockridge*, 498 Mich at 365. Courts must continue to determine the applicable guidelines range and take it into account at sentencing. *Id*.

"The appropriate procedure for considering the reasonableness of a departure sentence is not set forth in *Lockridge*." *Steanhouse*, 313 Mich App at 42. In *Steanhouse*, 313 Mich App at 42-48, this Court adopted the *Milbourn* standard for determining whether a departure sentence is reasonable.

> Under *Milbourn*, a given sentence could be said to constitute an abuse of discretion if that sentence violated the principle of proportionality, which required sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. In accordance with this principle of proportionality, trial courts were required to impose a sentence that took into account the nature of the offense and the background of the offender. [*People v Shank*, 313 Mich App 221, 225; 881 NW2d 135 (2015), lv pending (quotation marks, brackets, and citations omitted).]

A departure from the guidelines in the absence of factors that were not adequately reflected in the guidelines should alert an appellate court to the possible violation of the principle of proportionality. *Id*. Under the proportionality standard, Michigan courts previously considered factors such as "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Steanhouse*, 313 Mich App at 46 (citations omitted).

In this case, defendant fails to appreciate that the review of a sentence for reasonableness mandated by *Lockridge*, and the adoption in *Steanhouse* of the *Milbourn* principle of

proportionality, are limited to sentences that *depart from the sentencing guidelines range*. See *Lockridge*, 498 Mich at 392 ("A sentence *that departs from the applicable guidelines range* will be reviewed by an appellate court for reasonableness.") (emphasis added); *Steanhouse*, 313 Mich App at 42 (noting that when a sentence departs from the guidelines range, "under *Lockridge*, this Court must review [the] sentence for reasonableness[,]" and that "[t]he appropriate procedure for considering the reasonableness of a *departure* sentence is not set forth in *Lockridge*.") (emphasis added); *Shank*, 313 Mich App at 224 ("This Court, in *Steanhouse*, considered the effect of [*Lockridge*] on *departure* sentences.") (emphasis added). Defendant's sentences were not departure sentences. The sentencing guidelines range for defendant's assault convictions was 171 to 285 months, and his minimum sentences of 20 years, or 240 months, fell within that range. Because defendant's minimum sentences fell within the guidelines range, the reasonableness review mandated for departure sentences by *Lockridge* is inapplicable.

Defendant also fails to recognize that MCL 769.34(10) requires us to affirm his sentences. MCL 769.34(10) states, in relevant part, the following:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

This provision remains valid after *Lockridge*. In *People v Schrauben*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 323170); slip op at 6-7, lv pending, this Court explained that

> [w]here a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

The Court further explained that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Id.* at ___; slip op at 6 n 1. In this case, defendant's minimum sentences fell within the guidelines range, and he does not argue that there was an error in scoring the guidelines or that the court relied on inaccurate information to determine his sentences. Accordingly, we must affirm defendant's sentences. MCL 769.34(10); *Schrauben*, ___ Mich App at ___; slip op at 6-7.

Finally, even if we were required to review defendant's sentences for proportionality, defendant has failed to demonstrate that his sentences were disproportionate. As discussed, defendant's minimum sentences fell within the guidelines range. "[A] sentence within the guidelines range is presumptively proportionate[.]" *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). But see *Armisted*, 295 Mich App at 51-52 (stating that it does not appear that the "unusual circumstances" basis for overcoming the presumption of proportionality

-3-

survived the enactment of the statutory sentencing guidelines, and noting the requirement of MCL 769.34(10) to affirm a sentence that falls within the guidelines range absent a scoring error or reliance on inaccurate information in determining the sentence).

Even if the "unusual circumstances" rule remains intact, defendant has failed to present unusual circumstances that would overcome the presumption that his sentences are proportionate. Defendant identifies nothing about the circumstances of the offense that would make this case unusual. Instead, he argues that the trial court failed to consider his purported ability to reform given his lack of a prior criminal record[2] and the fact that he has obtained a GED. These facts alone do not amount to unusual circumstances that would make defendant's presumptively proportionate sentences disproportionate. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (holding that the defendant's employment, lack of criminal history, and minimal culpability were not unusual circumstances that would overcome the presumption of proportionality). Accordingly, defendant has failed to overcome the presumption that his sentences are proportionate.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

[2] Although defendant had no prior criminal *convictions*, he had a domestic violence charge pending against him in Wyoming, Michigan, at the time of sentencing for this offense. Defendant twice failed to appear in court on the domestic violence charge, resulting in the issuance of a bench warrant against him. In addition, defendant was arrested on a charge of being an accessory after the fact to a homicide when he was 17 years old for allegedly helping his cousin flee the scene after his cousin shot and killed a person during a fight.

[3] Defendant appears to argue that the sentence in this case was improper to some degree because, "[The court] merely imposed a sentence to punish him." Given that punishment is the essence of a prison commitment, this is a perplexing argument. Indeed, the fact that punishment might be the sole rationale for sending a convicted felon to prison cannot be said to render a sentence invalid.