# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAVAGAS DRAIN,

       Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 327601
Wayne Circuit Court
LC No. 10-005864-FH

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. On remand from an earlier appeal, defendant was resentenced on April 21, 2015, as a fourth habitual offender, MCL 769.12, to 15 to 25 years' imprisonment for the CCW conviction, 15 to 25 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm defendant's convictions, but remand for proceedings consistent with this opinion.

During defendant's original sentencing, Wayne Circuit Court Judge Daniel Patrick Ryan calculated defendant's sentencing guidelines score by assessing 75 prior record variable (PRV) points and five offense variable (OV) points, which placed defendant in the F-I cell of the Class E felony grid. Based on defendant's fourth habitual offender status, the guidelines recommended a minimum sentence range of 9 to 46 months' imprisonment. MCL 777.66; MCL 777.21(3)(c). On appeal, defendant contends that the substantial upward departure from the guidelines recommendation was unreasonable under *Lockridge*,[1] violated the principle of proportionality, and violated his right to be free from cruel and unusual punishment under the United States Constitution and Michigan Constitutions.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502

---

[1] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

(2015). A sentence is reasonable if it satisfies the principle of proportionality, as articulated by *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and its progeny. *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).

Defendant has been sentenced by Judge Ryan three times in connection with the underlying convictions, and all of his sentences were imposed before the Michigan Supreme Court's decision in *Lockridge* rendered the statutory guidelines advisory only. *Lockridge*, 498 Mich at 391. Accordingly, at the time of each sentencing, Judge Ryan was still required by MCL 769.34(3) to establish a substantial and compelling reason for his departure from the minimum sentence range calculated under the sentencing guidelines. Defendant appealed his first and second sentences on grounds similar to those raised in the instant appeal and both appeals resulted in a remand to the lower court for resentencing. *People v Drain*, unpublished order of the Court of Appeals, entered April 13, 2012 (Docket No. 306118); *People v Drain*, unpublished opinion per curiam of the Court of Appeals, issued September 11, 2014 (Docket No. 316565). In both instances, this Court did not take issue with Judge Ryan's reasons for departing from the then-mandatory sentencing guidelines, but rather, found that he had failed to adequately explain why the departure sentences were proportional to defendant's history or the underlying offenses. *Drain*, unpub op at 3; *People v Drain*, unpublished order of the Court of Appeals, entered April 13, 2012 (Docket No. 306118).

As noted, the state of the law has changed since defendant's last sentencing pursuant to *Lockridge* and its progeny. In *Steanhouse*, this Court held that implementation of the reasonableness standard requires remand for consideration of the sentence's proportionality pursuant to *Milbourn*, following the remand procedure adopted in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). *Steanhouse*, 313 Mich App at 48. Given *Steanhouse*'s directive, the trial court must be permitted to reconsider defendant's sentence in the light of *Milbourn*. *Id*. at 48-49. We acknowledge that in this case, Judge Ryan was explicitly directed to address the now-controlling principle of proportionality during resentencing. *Drain*, unpub op at 3; *People v Drain*, unpublished order of the Court of Appeals, entered April 13, 2012 (Docket No. 306118). Indeed, during the April 21, 2015 sentencing hearing on which this appeal is focused, Judge Ryan acknowledged that "the reason for the remand is for me to explain proportionality as to why I imposed a 15 to 25 year sentence," and concluded the hearing by stating, "Hopefully, I've articulated the basis for my proportionality which is hopefully satisfactory to the Court of Appeals." Clearly, Judge Ryan was well aware of the principle of proportionality at the time of defendant's resentencing. However, given our ultimate conclusion that defendant is entitled to resentencing based on Judge Ryan's erroneous analysis, as explained below, we conclude that remanding for a *Crosby* hearing is the most uniform and appropriate course of action here. On remand, the trial court should apply the post-*Lockridge* sentencing standards, and take caution in its holding regarding proportionality, aiming to avoid the errors made by Judge Ryan, discussed in greater detail below.

Under the principle of proportionality set forth in *Milbourn*, the trial court is required to impose a sentence that is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 313 Mich App at 45, quoting *Milbourn*, 435 Mich at 636. While the trial court must still score the statutory sentencing guidelines, *Lockridge*, 498 Mich at 391-392, it is permitted to depart from the recommended minimum sentence range "where the guidelines do not adequately account for important factors legitimately considered at

sentencing." *Steanhouse*, 313 Mich App at 45, quoting *Milbourn*, 435 Mich at 657. To that end, the *Milbourn* Court articulated the procedure for reviewing departure sentences for proportionality as follows:

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. [*Steanhouse*, 313 Mich App at 45-46, quoting *Milbourn*, 435 Mich at 659–660.]

Importantly, when a trial court determines that a departure sentence is appropriate, it "must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008).

At the April 21, 2015 resentencing hearing, Judge Ryan pointed to several factors that were not adequately embodied by the variables used to score the sentencing guidelines. Most notably, Judge Ryan opined that the sentencing variables did not fully reflect the extent of defendant's criminal record. That is, defendant had exceeded the maximum number of felonies and misdemeanors for which additional PRV points could be assessed. Likewise, the sentencing guidelines place all habitual offenders that have four or more prior felony convictions in the same sentencing range. But according to Judge Ryan, defendant should be subjected to a longer sentence because his criminal record included five felony convictions. Judge Ryan also noted that the sentencing guidelines do not factor in the consistent nature of defendant's record—which included five previous offenses involving guns.

In an attempt to comply with this Court's instructions on remand to explain why these reasons made the 15- to 25-year sentences more proportionate than the sentence range recommended by the guidelines, Judge Ryan indicated that, regardless of the sentence range calculated under the guidelines, the habitual offender statute authorizes a term of imprisonment up to life when a defendant has been convicted of four or more felonies. He found it noteworthy that there were no express sentencing mandates related to a "habitual five level," but rhetorically asked, "What's one over life?" In the absence of further statutory direction, Judge Ryan suggested that the sentences could be reached by way of various mathematical formulas. For example, if he simply multiplied defendant's five previous felony convictions times the approximately four-year sentence suggested as the high end of the F-I sentencing cell, it would result in 20-year sentences. Alternatively, he could multiply the approximately four-year suggested sentence by six—the number of gun related offenses for which defendant had been convicted—to reach a similar result, again falling within the 15- to 25-year sentence he previously ordered. Thus, Judge Ryan concluded that there were "multiple reasons" that made defendant's 15- to 25-year sentences consistent with the principle of proportionality.

It appears from the record that Judge Ryan was under the mistaken belief that this Court required a formulaic explanation regarding the proportionality of defendant's sentences. If so, he misconstrued this Court's previous instructions and relevant caselaw. In fact, this Court has indicated that the principle of proportionality does *not* require that a defendant be sentenced with "mathematical certainty." *Smith*, 482 Mich at 311. Rather, to satisfy the proportionality requirement, the trial court should indicate why the departure sentence more adequately reflects the seriousness of the crime committed and the extent of the defendant's criminal history than the sentence recommended by the guidelines. *People v Babcock*, 469 Mich 247, 263-264; 666 NW2d 231 (2003).

As this Court already noted in its disposition of defendant's previous appeals, the Michigan Supreme Court suggested that one appropriate method for justifying the extent of a departure is to relate the circumstances of the case to circumstances that would result in a similar sentence under the guidelines. *Smith*, 482 Mich at 306. Applying this method, the sentences imposed upon defendant for his CCW and felon-in-possession convictions do not appear to be proportional. Defendant was assessed 75 PRV points and five OV points, which placed him in the F-I cell of the Class E felony grid. Based on defendant's fourth habitual offender status, the guidelines recommended a minimum sentence range of 9 to 46 months' imprisonment. MCL 777.66; MCL 777.21(3)(c). A 180-month sentence like the one imposed upon defendant is an expansive departure from even the highest guidelines range recommended for any defendant pursuant to the Class E felony grid.[2] In fact, the sentencing guidelines do not contemplate sentences anywhere close to that length until they reach the more serious Class B and Class C offenses.

While the grid comparison method was not intended to be the only means of establishing the proportionality of a sentence, *Smith*, 482 Mich at 309, Judge Ryan's seemingly arbitrary calculations do not provide any significant insight into why the extent of his departure sentences were appropriate in this case. For example, he reasoned that defendant's sentence should be increased because the statutory habitual offender enhancement did not adequately consider defendant's fifth previous felony conviction. Yet he attempted to compensate for this deficiency by starting with the 46-month, high-end recommendation applicable to defendant (which already accounted for "four or more" previous felonies) and multiplying it by *five*—the total number of defendant's previous felony convictions—rather than determining an appropriate increase for the single felony he opined was not adequately contemplated under the guidelines. Judge Ryan also placed reliance on the fact that MCL 769.12(1)(b) authorizes the courts to impose a sentence of "imprisonment for life or for a lesser term" for fourth habitual offenders like defendant. This theory ignores the fact that statutory authority to impose a particular sentence does not mean that it is proportional to the circumstances of every case. *People v Johnigan*, 265 Mich App 463, 473; 696 NW2d 724 (2005).

---

[2] The F-VI cell of the Class E felony grid calls for a high-end sentence of 76 months for a fourth habitual offender. MCL 777.66; MCL 777.21(3)(c)

Despite being instructed by this Court to explain the proportionality of defendant's sentences on two separate occasions, Judge Ryan has still failed to adequately explain why the departure sentences in this matter were proportional to the seriousness of the underlying offenses and defendant's criminal record. The only connections he made between the reasons justifying the departure and the proportionality of the departure length were based on application of unprecedented and arbitrary mathematical formulas. "One of the purposes of the proportionality requirement is to minimize idiosyncrasies," *Smith*, 482 Mich at 311, and that purpose would not be furthered by affirming Judge Ryan's theory of proportionality in this case. Judge Ryan's decision to sentence defendant to a minimum of 15 years' imprisonment—more than 11 years in excess of the 46-month, high-end sentence recommended by the guidelines—was not reasonable. Defendant is entitled to resentencing on this basis.

Defendant also argues that his sentences amounted to cruel and unusual punishment prohibited by the United States and Michigan Constitutions. As explained, defendant is entitled to resentencing; therefore, we need not decide whether defendant's sentences constitute cruel and unusual punishment. Finally, defendant urges this Court to remand his case for resentencing by a new judge. However, "defendant's argument that he should be resentenced before a different judge is moot because the original sentencing judge is now retired." *People v Coones*, 216 Mich App 721, 730; 550 NW2d 600 (1996). As such, defendant will necessarily be resentenced by a different judge.

We affirm defendant's convictions, but remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien