# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DWAYNE ANTHONY DUPREE,

Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 329848
Wayne Circuit Court
LC No. 15-004560-01-FH

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed following his bench trial conviction of receiving and concealing a stolen motor vehicle, MCL 750.535(7). He was sentenced, as a fourth habitual offender, MCL 769.12, to 2½ to 15 years' imprisonment and ordered to pay $600 in court costs and $400 in attorney fees. The Department of Corrections was ordered to collect funds towards these costs and fees from defendant's prisoner account. Defendant challenges the reasonableness of his sentence, as well as the imposition and enforcement of the costs and fees. We affirm defendant's sentence, including the imposition and enforcement of the attorney fees, but remand to the trial court to establish a factual basis for the court costs imposed.

## I. SENTENCING

Defendant argues that his sentence of 2½ to 15 years was based on judicial fact-finding and violates the principle of reasonableness because it is disproportionate. We disagree.

Defendant must object at sentencing to preserve a challenge that a sentence is unreasonable due to judicial fact-finding in the scoring of OVs. *People v Steanhouse*, 313 Mich App 1, 42; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016). While defendant objected to the scoring of offense variable (OV) 12 at sentencing, he made no objections based on judicial fact-finding, reasonableness, or proportionality. Therefore, this issue is unpreserved and reviewed for plain error affecting defendant's substantial rights. See *id*. "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *People v Lockridge*, 498 Mich 358, 392-393; 870 NW2d 502 (2015).

This Court must affirm a defendant's sentence if it falls within the recommended minimum sentencing guidelines range, unless defendant argued and can establish that his

-1-

sentence was the result of an error in scoring the guidelines or inaccurate information. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). This Court has stated that "*Lockridge* did not alter or diminish MCL 769.34(10)," which requires this Court to affirm a sentence within the minimum sentencing guidelines range. *Id*. at 196 n 1. Only "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392.

Defendant's minimum sentencing guidelines range was 10 to 46 months. He was sentenced to 30 months to 15 years. Because defendant's sentence does not depart from the applicable guidelines range, it is not reviewed for reasonableness. See *Lockridge*, 498 Mich at 392. Furthermore, defendant has not established any facts to overcome the presumptively proportionate nature of his sentence. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

Defendant argues that the trial court scored his guidelines based on facts which were neither found by the trial court beyond a reasonable doubt at his trial nor admitted by defendant. However, the trial court is permitted to score OVs based on facts not admitted by defendant or found beyond a reasonable doubt. *Lockridge*, 498 Mich at 392 n 28. And defendant presents general legal principles of reasonableness and proportionality, but fails to explain or state on which facts the trial court improperly relied.

Further, at sentencing, aside from a correction to OV 12, defendant had no corrections to the presentence report and agreed with the points assessed to each of the variables. All parties agreed that OV 12 should be assessed zero points, and the trial court even noted that the probation department likely assessed points for a charge that defendant was acquitted of, "but under *Lockridge* that's not permissible that type of judicial fact finding." Defendant agreed that, as a fourth habitual offender, his minimum sentencing guidelines range was 10 to 46 months. At sentencing, defense counsel merely argued that the trial court had discretion to consider defendant's background and give him another chance by sentencing him to probation. Because defendant's sentence falls within the recommended sentencing guidelines range, and defendant failed to establish that his sentence was the result of an error in scoring the guidelines or inaccurate information, the trial court did not err, and this Court must affirm defendant's sentence. See *Schrauben*, 314 Mich App at 196.

## II. COURT COSTS

Defendant argues that the trial court abused its discretion by ordering him to pay excessive court costs without articulating the basis for those costs. While the characterization of the court costs as "excessive" is premature, we agree that the trial court erred by not articulating a factual basis for the court costs.

A defendant must object when the trial court orders him to pay court costs to preserve this issue for appeal. *People v Johnson*, 315 Mich App 163, 197; ___ NW2d ___ (2016). Defendant did not object to the imposition of court costs at the trial court level; therefore, this issue is unpreserved for appeal. We review an unpreserved challenge to a trial court's imposition of court costs for plain error affecting a defendant's substantial rights. *Id*. "In order for a

defendant to establish plain error, he must show that (1) an error occurred, (2) the error was plain, i.e. clear or obvious, and (3) the plain error affected substantial rights." *Id.*

A trial court possesses the authority to order a defendant to pay reasonable court costs. *People v Konopka (On Remand)*, 309 Mich App 345, 358; 869 NW2d 651 (2015). While those costs do not need to be separately calculated, a trial court must "establish a factual basis" for the costs imposed. MCL 769.1k(1)(b)(*iii*); *Konopka*, 309 Mich App at 359. "[W]ithout a factual basis for the costs imposed, [this Court] cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at 359-360.

The trial court did not articulate its basis for the $600 in court costs assessed to defendant at sentencing. There is also nothing in the lower court record providing a factual basis for these court costs. Thus, the lower court record is unclear as to whether the court costs "were reasonably related to the actual costs incurred by the trial court." *Id.* Where "defendant specifically challenges the lack of reasoning for the costs imposed . . . [he] should be given the opportunity to challenge the reasonableness of the costs imposed." *Id.* at 360. Therefore, the trial court erred in ordering defendant to pay court costs without establishing a factual basis for the costs imposed.

## III. ATTORNEY FEES

Defendant argues that the trial court erred in ordering him to pay the fees for his court-appointed attorney without first assessing his ability to pay. We disagree. Because defendant did not object when the court ordered him to pay attorney fees without first assessing his ability to pay, our review is for plain error. *People v Dunbar*, 264 Mich App 240, 251; 690 NW2d 476 (2004), overruled on other grounds by *People v Jackson*, 483 Mich 271, 275 (2009).

A trial court has the statutory power to both impose and enforce court-appointed attorney fees as part of a defendant's sentence. *People v Jackson*, 483 Mich 271, 283; 769 NW2d 630 (2009), citing MCL 769.1k and MCL 769.1*l*. And a trial court is not "required to assess a convicted defendant's ability to pay before imposing a fee for a court-appointed attorney." *Id.* at 298. But an ability-to-pay assessment is necessary when that fee is enforced and the defendant contests his ability to pay. *Id.* While MCL 769.1*l* authorizes a trial court to order the Department of Corrections to recoup these fees from a prisoner's account, *id.* at 284, he is first entitled to due process, which requires "notice and an opportunity to be heard regarding the enforcement of earlier imposed costs and fees." *Id.* at 292. Therefore, "once enforcement of the fee imposition has begun, and a defendant has made a timely objection based on his claimed inability to pay, the trial court[]should evaluate the defendant's ability to pay." *Id.* at 292-293.

Here, the trial court ordered the Department of Corrections to enforce collection of fees and costs, including the $400 fee for defendant's court-appointed attorney, on September 30, 2015, the day that defendant was sentenced. Assuming defendant received his copy of the order, he received notice that collection of the court-appointed attorney fee was going to be enforced.

It does not appear that defendant contested his ability to pay the court-appointed attorney fees prior to this appeal. Because defendant has not yet petitioned the trial court to reduce or

eliminate the $400 that he was ordered to pay, this issue is not ripe for appeal. See *id*. at 296. If defendant contests his ability to pay, "he may ask the trial court to amend or revoke the remittance order, at which point the trial court must decide whether defendant's claim of extraordinary financial circumstances rebuts the statutory presumption of his nonindigency." *Id*. at 298-299. Therefore, the trial court did not err in imposing and enforcing collection of court-appointed attorney fees before assessing defendant's ability to pay.

## IV. CONCLUSION

For the reasons stated, we affirm defendant's sentence, including the imposition and enforcement of the attorney fees, but remand to the trial court to establish a factual basis for the court costs imposed on defendant. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly