# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 1, 2017

Plaintiff-Appellant,

v

No. 329162
Wayne Circuit Court

MONA FAWAZ,

LC No. 11-001736-01-FH

Defendant-Appellee.

Before: STEPHENS, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

The prosecution appeals as of right the judgment of sentence entered on August 21, 2015. Defendant was convicted by a jury of one count of arson of a dwelling house, MCL 750.72; one count of arson of insured property, MCL 750.75; and two counts of making false statements about material matters for an insurance claim, MCL 500.4511(1). The trial court sentenced defendant to five years' probation. We reverse and remand for resentencing before a different judge.

This case arises out of a fire at defendant's home on September 26, 2009. Just a few days before the fire, after defendant was denied a rental certificate of occupancy after a failed inspection, defendant expressed to a city employee that she would be better off if her house burned down. Defendant's house was located in an older Dearborn neighborhood where the houses were close together (her neighbor's house was about 4 feet away). Two firefighters, Walter Radu and Rudy Cervantes, suffered heat exhaustion while battling the fire and required medical care. Defendant's elderly neighbor had to be rescued from her smoke-filled home. In an interview with an investigator, defendant denied ever having made a previous claim for a fire, even though in 1996, a previous residence of defendant's caught fire, and the insurance company paid $137,000 on the claim. Defendant and her family were not at home when either of these fires started, but were staying instead at local hotels. Two independent fire investigations concluded that the September 26, 2009 fire was intentionally set. A jury found defendant guilty

-1-

of arson, MCL 750.72 and MCL 750.75,[1] and insurance fraud, MCL 500.4511(1) on October 3, 2011.

On October 27, 2011, defendant was originally sentenced to five years' probation and was ordered to pay restitution. Defendant's sentence has previously been appealed three times and remanded for resentencing twice. *People v Fawaz*, 299 Mich App 55; 829 NW2d 259 (2012); *People v Fawaz*, unpublished opinion per curiam of the Court of Appeals, issued June 17, 2014 (Docket No. 315647). On August 21, 2015, defendant was resentenced to five years' probation and the prosecution again appeals the sentence imposed.

The prosecution argues that the trial court abused its discretion when it departed from the minimum sentencing guidelines range of 30 to 50 months and sentenced defendant to probation for her arson and insurance fraud convictions. We agree.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews whether a sentence is reasonable for an abuse of discretion. *People v Masroor*, 313 Mich App 358, 394; 880 NW2d 812 (2015), lv gtd *People v Steanhouse*, 499 Mich 934 (2016). "An abuse of discretion occurs when the [trial] court's decision falls outside the range of reasonable and principled outcomes." *Id*.

While *Lockridge* requires that this Court review sentences that depart from the applicable sentencing guidelines range for reasonableness, it did not provide the procedure for determining whether a sentence is reasonable. *People v Steanhouse*, 313 Mich App 1, 42; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016). Therefore, this Court adopted the proportionality standard outlined by our Supreme Court in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 313 Mich App at 44-48. The proportionality standard "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. A sentence that fulfills this standard "constitutes a reasonable sentence under *Lockridge*." *Steanhouse*, 313 Mich App at 47-48. Likewise, a sentence that violates the principle of proportionality can constitute an abuse of discretion. *Milbourn*, 435 Mich at 636. Therefore, a trial court must "take into account the nature of the offense and the background of the offender" when sentencing a defendant. *Id*. at 651.

Under *Lockridge*, a trial court need only consult the guidelines and justify the sentence imposed. *Lockridge*, 498 Mich at 392. However, in *Milbourn*, our Supreme Court explained that the guidelines are the best "barometer" of where a case falls on a spectrum of least to most threatening. *Milbourn*, 435 Mich 656-657. The Supreme Court further explained that a trial court may "depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Id*. In *Steanhouse*, this Court pointed to factors that could be considered when determining the

---

[1] Both MCL 750.72 and MCL 750.75 were amended by 2012 PA 531 after defendant was charged and convicted.

proportionality of a sentence, including "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Steanhouse*, 313 Mich App at 46 (citations omitted). Additionally, this Court noted that *Milbourn* provides guidance for appellate courts reviewing departure sentences:

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. [*Steanhouse*, 313 Mich App at 45-46).]

Therefore, while the guidelines are only advisory, they are still a factor that the trial court must consider, and the trial court should have some basis for its departure that is not adequately addressed by the guidelines.

On August 21, 2015, the trial court resentenced defendant to five years' probation, even though her minimum sentencing guidelines range was 30 to 50 months. Both sides agreed to the scoring of the guidelines range and the amount of restitution. Therefore, the only issue is whether defendant's sentence is unreasonable.

When the trial court sentenced defendant, it expressly adopted its reasoning from its previous sentencing hearings. The trial court reiterated that defendant's fraud convictions should not be treated as concurrent offenses for scoring purposes. Additionally, the trial court again reasoned that defendant had, for the most part, complied with her conditions of probation, and while on probation, she had done nothing to cause the court any concern that would impact her sentence. In addition to adopting its previous reasoning, the trial court found that defendant's arson was motivated by greed rather than the intent to harm another person or property, and that defendant was unlikely to be a danger to anyone or a repeat offender. Further, it did not find imprisonment to be a deterrent factor for financially-motivated arson.

This Court previously held that the trial court "clearly erred in finding that the 'ancillary' crimes of fraudulent insurance acts removed defendant's sentence guidelines range from a 'straddle cell.'" *Fawaz*, unpub op at 3. This Court explained that the trial court's conclusion, that defendant's insurance fraud convictions were ancillary and that defendant would have been in a straddle cell were it not for those convictions being scored as concurrent convictions, was legally incorrect. *Id*. at 2. This Court pointed out that, even without these convictions, defendant would have been scored 10 points under prior record variable (PRV) 7 because she was convicted of two counts of arson. *Id*. at 3. Under the law of the case doctrine, this Court has decided "a legal question and remanded the case for further proceedings, the legal questions thus determined by [this Court] will not be differently determined on a subsequent appeal in the same

-3-

case where the facts remain materially the same." *People v Fisher*, 449 Mich 441, 444–445; 537 NW2d 577 (1995), quoting *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). The trial court specifically relied on its previous reasoning, which this court has held legally incorrect. *Fawaz*, unpub op at 2-3. The facts which serve as the basis for this legal conclusion have not changed. The fact that the sentencing guidelines are no longer mandatory does not change the fact that the trial court's analysis regarding the scoring of PRV 7 was legally incorrect. This Court's holding is a legal conclusion, which would not change under any standard.[2] Thus, the scoring of PRV 7 cannot justify the trial court's downward departure.

This Court also previously disagreed with the trial court's reasoning that defendant had substantially complied with her probation requirements, noting that defendant had not been maintaining her restitution payments and had received a probation violation for the same. While the trial court no longer needs to provide a substantial and compelling reason for departing from the applicable guidelines range, a sentence still needs to be reasonable and justified. *Lockridge*, 498 Mich at 391-392. Given that our Supreme Court, in *People v Hendrick*, 472 Mich 555, 560-561; 697 NW2d 511 (2005), reasoned that a probation violation could substantially support an upward departure, it would be extraordinary for a defendant's conduct on probation, which includes a probation violation, to provide support for a downward departure. Thus, the trial court's reliance on defendant's conduct while on probation does not provide a reasonable basis for a downward departure from the sentencing guidelines.

Finally, the factors considered by the trial court took into account the nature of the offense and defendant's background, were not directly addressed by the scoring variables, and do not provide a reasonable basis for the extent of the trial court's departure from the sentencing guidelines. See *Steanhouse*, 313 Mich App at 45-46 (explaining that a trial court should consider factors that were not adequately addressed by the guidelines and that the extent of a departure may violate the principle of proportionality).[3] Defendant was sentenced to probation despite a minimum sentencing guidelines range of 30 to 50 months. In imposing sentence, the trial court considered that defendant's crime was financially motivated, rather than out of some sort of malice towards others. The trial court essentially reasoned that financially-motivated arson is not the same type of arson as arson committed "[w]ith the specific purpose of doing harm to that property and to those persons who might be in there. Or at least to not have any regard for their safety." The trial court expressed that this might be the reason that it did not agree with the guidelines, essentially stating that the guidelines make it difficult to differentiate between

---

[2] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) ("Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i. e. , the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.")

[3] We are aware of the *Steanhouse* Court's holding that where the trial court was unaware of, and not "expressly bound by, a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing" remand is appropriate. *Id*. at 48. Our remand is not premised upon this holding because we are satisfied, from the record, that the trial court undertook an analysis under "*a*" reasonableness standard rooted in the *Millbourn* principle of proportionality.

-4-

financially-motivated and malice-motivated arson. However, MCL 750.72 and MCL 750.75 (as it was worded at the time of defendant's conviction) only required that defendant acted willfully.[4] There was no requirement that an offender acted maliciously, and there was no separate provision for an offender who acted maliciously. Further, MCL 750.72 did not differentiate between the malicious burning of *another's occupied* dwelling and the willful burning of *one's own unoccupied* dwelling, and both are subject to a maximum penalty of 20 years' imprisonment.

This Court fails to see how defendant's actions were not in reckless disregard for the safety of others. Defendant set fire to her home knowing that her neighbor's house was only four feet away. She also knew or should have known that firefighters were going to at least attempt to put the fire out. Defendant was willing to endanger the lives of others and, indeed, caused actual injuries. That her specific motivation was greed rather than the causing of the injuries is irrelevant.

Further, there is room in the guidelines for a more serious offender or a more serious offense. A more serious offense could result in additional charges, such as, for example, attempted murder (MCL 750.91) if a defendant's intent was to cause death to another by through the arson. In sum, the trial court's reasoning for treating defendant's offense as a "less serious" arson offense ignored the fact that defendant's action need only be willful and that even if it were *additionally* malicious, she would have been subject to the same maximum penalty under applicable law. It further ignored that defendant did, in fact, disregard the safety of others. It also ignored that the malicious arson that it had described would generally be subject to additional charges, and therefore, a higher minimum guidelines range. Thus, the trial court's reasoning is flawed and does not support a probationary sentence.

Additionally, the trial court found that defendant was unlikely to repeat this offense and that a term of imprisonment was unlikely to deter others from financially-motivated arson. The trial court does not explain why the fact that defendant's crime was financially-motivated would render her less likely to commit this same crime. It is hard to ignore the fact that defendant's prior home was lost to a fire under suspiciously similar circumstances. The trial court also does not explain why it believes that imprisonment does not serve as a deterrent for financially-motivated arson. While the trial court need only justify its departure and is entitled to use its own judgment in determining whether the recommended range under the guidelines is appropriate, the trial court's conclusions are wholly unsupported. See *Lockridge*, 498 Mich at 392 (a trial court may exercise its discretion in departing from the guidelines, but it "must justify the sentence imposed"). The trial court's conclusions do not justify the extent of departure and it has failed to justify how defendant's sentence of probation is proportionate. Therefore, the trial

---

[4] Under the prior and current version of MCL 750.72, a person can be found guilty of arson if they acted "willfully or maliciously." The prior version of MCL 750.75 required that a person acted willfully, whereas the current version requires that a person act "willfully and maliciously."

court abused its discretion in sentencing defendant to probation and remand for resentencing is necessary.

Having identified several findings articulated by the trial judge that we conclude do not justify a downward departure from the guidelines, it is important to note that the same principles apply, and thereby, circumscribe what findings a trial court may rely upon to support an upward departure from the guidelines. Just as defendant's financially-based motive, as opposed to a motive based on malice, did not justify a downward departure, we also recognize that a more malicious motive, as opposed to a mere financially based one, would not justify an upward departure. Similarly, just as our conclusion that defendant could have been charged with a crime that carries a more serious penalty weighs strongly against a downward departure, so would the fact that a defendant could have been charged with a crime that carried a less serious penalty weigh strongly against an upward departure. Finally, having rejected the trial court's reliance on its subjective view that defendant was unlikely to reoffend as grounds for a downward departure, we recognize that a trial judge's subjective view that a defendant is likely to reoffend is not grounds to depart upward from the guidelines. Because this will be the third remand for re-sentencing, and it reasonably appears that the trial judge will have substantial difficulty in putting aside his previously expressed views, we remand for resentencing before a different judge. See, *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997).

Reversed and remanded for resentencing before a different judge. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

-6-