# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2017

Plaintiff-Appellant,

v

No. 331672
Wayne Circuit Court
LC No. 15-003289-01-FH

WILLIAM LARENZO SHOULDERS,

Defendant-Appellee.

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Following a bench trial, the trial court found defendant guilty of operating a motor vehicle while intoxicated (OWI) causing death, MCL 257.625(4), and OWI causing a serious impairment of a body function, MCL 257.625(5). Although the sentencing guidelines recommended a minimum sentence range of 43 to 86 months, the trial court sentenced defendant to four years' probation, subject to various conditions, one of which was that he spend a week in jail three times a year each year during his probationary period. Plaintiff appeals defendant's sentence as of right. We vacate defendant's sentence and remand for resentencing.

Defendant was charged with OWI causing death and OWI causing serious impairment as a result of a February 8, 2015 motor vehicle accident. According to the record, defendant was driving at a high rate of speed, ran a red light, and collided with a truck. He continued through the intersection and was involved in a "secondary collision" with the victims' vehicle. One victim was killed instantly and another was taken to the hospital, where she was "listed in critical condition," but survived. At trial, defendant testified that shortly before the accident, he was involved in a fight with other patrons at an adult entertainment club. Defendant claimed that as he was leaving the club, the men he had fought approached him with guns. Defendant drove off in his vehicle, but his assailants got into another vehicle and started chasing him. In his attempt to escape them, he did not see a red light and was involved in the accident. The trial court believed that the incident at the club happened as reported and that defendant sped away because he justifiably feared the men who were chasing him, but found that defendant was "driving above the legal limit" when he got into the accident, and thus was guilty of the OWI offenses.

At sentencing, the prosecutor requested a sentence within the sentencing guidelines range of 43 to 86 months, but at the low end. The trial court observed that defendant had no prior criminal history, was gainfully employed, was genuinely remorseful for his actions, and was a

-1-

good candidate for rehabilitation. It sentenced defendant to four years' probation, subject to several conditions, including that he spend a week in jail three times a year each year during his probationary period.

On appeal, plaintiff recognizes that in *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" To remedy that violation, the Court held that the guidelines are to be deemed advisory only, and that a sentencing court may "exercise its discretion to depart from th[e] guidelines range without articulating substantial and compelling reasons for doing so." *Id.* at 391-392. Plaintiff argues, however, that *Lockridge* was wrongly decided and that the guidelines are, in fact, constitutional. Therefore, plaintiff argues, the trial court erred by failing to impose a sentence within the guidelines range without articulating a substantial and compelling reason for departing from that range.

We are not at liberty to reject the Supreme Court's decision in *Lockridge*. *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). Thus, pursuant to *Lockridge*, the trial court had the discretion to impose a sentence that was not within the guidelines range, and it was not required to articulate a substantial and compelling reason in support of its departure decision.

Plaintiff further argues that, even under *Lockridge*, the trial court erred in imposing a probationary sentence for defendant's convictions because such a sentence is disproportionately lenient considering the circumstances of the offense. We conclude that the trial court did not articulate the relevant factors to this decision, so we vacate defendant's sentence and remand for resentencing.

Before the legislative guidelines were adopted, a sentence was reviewed for proportionality, which required that sentences imposed by the trial court "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). When the legislative sentencing guidelines were enacted, they required a court to impose a minimum sentence within the guidelines range calculated for a particular defendant, unless the court found a substantial and compelling reason to depart from that range. MCL 769.34(2) and (3). Pursuant to our Supreme Court's decision in *Lockridge*, the guidelines are now advisory rather than mandatory; the trial court must consider the guidelines, but it need not provide a substantial and compelling reason for departing from them. *Lockridge*, 498 Mich at 392. If the trial court does depart from the guidelines, the sentence is to be reviewed "for reasonableness." *Id.* "Resentencing will be required when a sentence is determined to be unreasonable." *Id.*

In *Lockridge*, the Supreme Court did not specify the appropriate procedure for considering the reasonableness of a departure sentence. This Court resolved that issue in *People v Steanhouse*, 313 Mich App 1, 42-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), where this Court rejected the standard applied by federal courts whereby the reasonableness of a sentence is guided by the factors listed in 18 USC 3553(a). Instead, this Court reinstated the *Milbourn* proportionality standard "as the means of determining the reasonableness of a sentence," and thus held that "a sentence that fulfills the principle of proportionality under

*Milbourn*, and its progeny, constitutes a reasonable sentence under *Lockridge*." *Id.* at 46-48. As this Court observed in *Steanhouse,* 313 Mich App at 46:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation[.] [Citations omitted.]

Here, the trial court focused exclusively on the circumstances of the offender and articulated no consideration of the circumstances of the offense and the recommended minimum sentence range under the guidelines. Defendant was a good candidate for rehabilitation, given that he had no criminal record and was otherwise a solid citizen who was genuinely remorseful for his actions. However, defendant's lack of a criminal record is considered by the guidelines and the trial court did not find that this factor was not given adequate consideration. The trial court did not speak to the seriousness of the offense, which left one person injured and another dead. Even though the trial court accepted defendant's explanation that he was fleeing from a dangerous situation when he collided with the victims' vehicle, that did not absolve him from the obligation to exercise due care while operating his vehicle. The drastic departure from the guidelines was not, without further explanation by the trial court on all relevant factors, proportionate to both the circumstances of the offender and the offense, and thus the sentence imposed by the trial court was not reasonable. Accordingly, we vacate defendant's probationary sentence and remand for resentencing. *Lockridge,* 498 Mich at 392.

Vacated and remanded for resentencing. We do not retain jurisdiction.


/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray