# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RONALD PARKER WILSON,

Defendant-Appellant.

UNPUBLISHED
December 7, 2017

No. 334025
Wayne Circuit Court
LC No. 13-003780-01-FC

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

## I. BACKGROUND

In 2014, a jury convicted defendant, Ronald Wilson, of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 57 months to 10 years for the assault convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction. In a prior appeal, this Court affirmed defendant's convictions, but vacated his sentences and remanded for resentencing. See *People v Wilson*, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2015 (Docket Nos. 321816, 322074). On remand, the trial court resentenced defendant to identical concurrent prison terms of 57 months to 10 years for the assault convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction. Defendant again appeals as of right, arguing that his sentences for the assault convictions are not proportionate and, thus, are unreasonable. We vacate defendant's sentences and remand for the trial court to properly articulate the reasons why the sentences are reasonable.

In defendant's previous appeal, this Court summarized the relevant background facts as follows:

> On the evening of March 23, 2013, a group of friends, including defendant Ronald Wilson, hired a "party bus" to celebrate Demar Floyd's birthday. After several hours of drinking and revelry, the bus returned the group to Floyd's home in the early morning hours of March 24. The parties disagree regarding the events that followed. Floyd and his wife Deandra, Nikinia Talley, and Marcellis Martin testified that Ronald engaged in two separate fistfights with other party guests. They claimed that Ronald also became belligerent when the group travelled to a

-1-

restaurant for breakfast, causing them to be ejected. Ronald testified that a group of six to seven people twice beat him to the point of unconsciousness. He admitted having a verbal altercation with Martin at the restaurant, however.

It is undisputed that following his fights, Ronald telephoned his brother Darnell to ask for assistance. Darnell testified that he could hear threatening voices in the background and he feared for Ronald's safety. As a result, Darnell placed his shotgun in the backseat for protection before he drove to pick up Ronald. At trial, Ronald and Darnell testified that Ronald reached inside the car and took the shotgun upon Darnell's arrival. Some of the witnesses claimed that Darnell handed Ronald the gun. Regardless, Ronald fired several shots, striking Talley in the right shoulder and Floyd in the abdomen. Investigating officers found six spent shotgun shells in the street. [*Wilson*, unpub op at 2.]

This Court affirmed defendant's convictions, but concluded that remand for resentencing was required because the trial court erroneously assessed 10 points for offense variable (OV) 14 (offender's role in the offense), MCL 777.44, and the scoring error affected the appropriate guidelines range. *Wilson*, unpub op at 7-10. This Court explained:

The rescoring of OV 14 to zero will alter the guidelines range. [Defendant]'s total PRV score was 15 points. With the alteration of [defendant]'s OV 14 score, his total OV score would be reduced from 75 to 65 points. While the original advisory sentencing range was 29 to 57 months, the scoring change results in an advisory range of 19 to 38 months. Accordingly, during resentencing, the court must not score OV 14 and then determine [defendant]'s appropriate sentence. [*Id*. at 10.]

On remand, the trial court assessed zero points for OV 14, and then resentenced defendant to 57 months to 10 years for the assault convictions, the same sentences it had originally imposed. Those sentences represented a departure from the corrected guidelines range of 19 to 38 months. The court principally relied on the seriousness of the offense to justify the sentences.

## II. ANALYSIS

Defendant argues[1] that resentencing is again required because the sentences imposed on remand are disproportionate and unreasonable. The touchstone for every sentence is that it be reasonable. See *People v Steanhouse*, 500 Mich 453, 459-462; 902 NW2d 327 (2017). As this Court recently stated in *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017):

---

[1] The people did not, for budgetary reasons, file a brief on appeal, but that is not a confession of error. At the resentencing hearing before the trial court, the prosecution argued that the trial court's duty on remand was simply to decide if it would have given the same sentence even if it were not constrained by the now advisory guidelines, and nothing more.

We review a trial court's upward departure from a defendant's calculated guidelines range for reasonableness. [*People v*] *Lockridge*, 498 Mich [358,] 391-392[; 870 NW2d 502 (2015)]. We review the reasonableness of a sentence for an abuse of the trial court's discretion. See *People v Steanhouse*, 313 Mich App 1, 44-47; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), quoting *People v Milbourn*, 435 Mich 630, 634-636; 461 NW2d 1 (1990).

In *Walden*, 319 Mich App at 351-353, this Court explained how we determine whether a sentence is reasonable in light of *Lockridge*:

> With regard to defendant's claim that his sentence was substantively unreasonable, our Supreme Court in *Lockridge*, 498 Mich at 364-365, rendered the Michigan sentencing guidelines advisory. Additionally, the Court in *Lockridge* determined that trial courts are no longer required to articulate substantial and compelling reasons to depart from the minimum sentencing guidelines range; rather, the sentence must only be reasonable. *Id*. at 391-392. This Court has stated that a sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in *Milbourn*. *Steanhouse*, 313 Mich App at 47-48. "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. Put another way, "the [trial] judge . . . must take into account the nature of the offense and the background of the offender." *Id*. at 651. As our Supreme Court has stated:

>> [D]epartures [from the minimum sentencing guidelines] are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing . . . . [T]rial judges may continue to depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime. [*Id*. at 657.]

> Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

>> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Steanhouse*, 313 Mich App at 46 (citations omitted).] [Footnote omitted; alterations in original.]

Our Supreme Court recently reaffirmed that the appropriate inquiry when reviewing a sentence is whether it was reasonable, *Steanhouse*, 500 Mich at 471-472, which does not entail "measuring

proportionality by reference to deviations from the guidelines," but instead requires the sentence to be proportionate to the seriousness of the crime, *id*. at 474.[2]

After review of the transcripts from both the sentencing and resentencing hearings, we conclude that defendant's sentences must be vacated, and this matter must be remanded for a greater articulation of the reasons why the sentence imposed was reasonable. A *principal factor* to be considered by the trial court under *Milbourn* is the seriousness of the offense, and it is apparent from the record that the trial court considered that factor. The problem instead lies with the trial court's failure to adhere to the Supreme Court's requirement that "a trial court must 'justify the sentence imposed in order to facilitate appellate review[.]' " *People v Dixon-Bey*, ___ Mich App ___, ___; ___NW2d ___(2017) (Docket No. 331499); slip op at 19, quoting *Steanhouse*, 500 Mich at 470, and *Lockridge*, 498 Mich at 392. This justification does not have to be elaborate, but should include " 'an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been.' " *Dixon-Bey*, ___ Mich App at ___; slip op at 19, quoting *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

It is within reason to conclude that, when applying the most lenient standard of review (abuse of discretion) to a trial court decision that must only be "reasonable," that most all sentencing decisions will be affirmed on appeal. But to do so, the trial court must give more than the brief explanation that the crime was "serious" and involved multiple offenders. See *Dixon-Bey*, ___ Mich App at ___; slip op at 22. We, therefore, vacate defendant's sentences so that the trial court can provide a more detailed explanation as to why this sentence is proportionate to the seriousness of the matter before it.

We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[2] As the *Walden* Court emphasized, "*Lockridge expanded* a trial court's sentencing discretion, subject to reasonableness review. Greater trial court discretion constricts an appellate court's wherewithal to find an abuse of discretion." *Walden*, 319 Mich App at 355.